JWV/MWW: July 2010

Grand Jury No. 26

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | NO. |
| ) | |
| JORAN ANDREAS PETRUS VAN DER SLOOT, ) | |
| also known as ) | |
| JORAN VAN DER SLOOT ) | |

**INDICTMENT**

Introduction

At all times material to this Indictment:

1. Joran Andreas Petrus van der Sloot, the defendant herein, was a citizen of the Netherlands, who was then residing in Aruba.

2. Natalee Holloway, a resident of Mountain Brook, Alabama, was last seen alive on or about May 30, 2005, while in the country of Aruba.

3. Natalee Holloway was in the company of Joran van der Sloot, on or about May 30, 2005, that being, the day of her disappearance.

4. The whereabouts of Natalee Holloway have been unknown to her family, friends, and law enforcement officials since on or about May 30, 2005.

5.     Numerous individuals, including Elizabeth Ann Holloway (hereafter, "Beth Holloway"), Natalee Holloway's mother, have continued to expend time and resources in an attempt to locate Natalee or her remains, and to ascertain the circumstances of Natalee's disappearance and/or demise.

6.     New York attorney John Q. Kelly served in the capacity of legal representative and intermediary for Beth Holloway.

7.     Joran van der Sloot had an account at SNS Bank, N.V. (hereafter, "SNS Bank"), a financial institution located in the Netherlands.

**COUNT ONE**:  [18 U.S.C. § 1951(a)]

The Grand Jury charges:

1.     The Grand Jury realleges and incorporates by reference the facts contained in the Introduction, as though fully set forth herein.

2.     That from on or about the 29th day of March, 2010, and continuing until on or about the 17th day of May, 2010, in Jefferson County, within the Northern District of Alabama, and elsewhere, the defendant,

**JORAN ANDREAS PETRUS VAN DER SLOOT**,
also known as
**JORAN VAN DER SLOOT**,

did knowingly and willfully affect and attempt to affect commerce and the

movement of articles and commodities in commerce, by extortion, in that the defendant did obtain and attempt to obtain property belonging to and under the care, custody, control, management, and possession of Beth Holloway, that being, the sum of $250,000, with the consent of Beth Holloway having been induced by the use of actual and threatened fear by the defendant, who would not disclose to Beth Holloway through her attorney, John Q. Kelly, Esq., the location of Natalee Holloway's remains and the circumstances of her death without having first received an initial payment of Twenty-Five Thousand Dollars ($25,000), and, upon positive identification of the remains, a further payment of Two Hundred Twenty-Five Thousand Dollars ($225,000), in violation of Title 18, United States Code, Section 1951(a).

**COUNT TWO**: (18 U.S.C. § 1343)

    The Grand Jury charges:

    1.    The Grand Jury realleges and incorporates by reference the facts contained in the Introduction, as though fully set forth herein.

    2.    That on or about the 10th day of May, 2010, in Jefferson County, within the Northern District of Alabama, and elsewhere, the defendant,

**JORAN ANDREAS PETRUS VAN DER SLOOT**,
also known as
**JORAN VAN DER SLOOT**,

did knowingly and willfully cause to be transmitted by means of wire communications in interstate and foreign commerce signals and money, in furtherance of a scheme and artifice to defraud and to obtain money by means of false pretenses, representations, and promises from Beth Holloway, as more particularly described below.

## THE SCHEME

3. The defendant's scheme and artifice to defraud, in substance, was accomplished and attempted to be accomplished by the following means and in the following manner:

    a. It was a part of the scheme and artifice that the defendant would and did contact John Q. Kelly, Esq. (hereafter, "Mr. Kelly"), in his capacity as attorney for Beth Holloway, to advise that he (the defendant) knew the whereabouts of Natalee Holloway's remains in Aruba, and to demand a payment in the amount of Two Hundred Fifty Thousand Dollars ($250,000) for that information.

    b. It was a further part of the scheme and artifice that after discussing the terms of his demand with Mr. Kelly, the defendant would show Mr. Kelly the

specific location of Natalee Holloway's remains and provide specific details concerning the manner of her death, how her remains were disposed of initially, and how her remains came to be in the specified location, if moved at any time, in exchange for an initial payment of Twenty-Five Thousand Dollars ($25,000). Once identification of Natalee Holloway's remains had been confirmed, the defendant would then receive an additional payment of Two Hundred Twenty-Five Thousand Dollars ($225,000) within thirty days of confirmation, said money to be wire transferred into an account held by the defendant at SNS Bank in accordance with his demand.

      c. It was a further part of the scheme and artifice that the defendant would and did provide Mr. Kelly with the name of his bank and his bank account number.

      d. It was a further part of the scheme and artifice that after receiving the sum of Ten Thousand Dollars ($10,000) in cash from Mr. Kelly and assurances that Beth Holloway would immediately wire transfer an additional sum of Fifteen Thousand Dollars ($15,000) into his bank account, the defendant would and did accompany Mr. Kelly to a specific location in Aruba, and did identify that location as the site where Natalee Holloway's remains were buried. This information, as the defendant then knew, was false.

e.  It was a further part of the scheme and artifice that the defendant would and did cause Beth Holloway to wire transfer the sum of Fifteen Thousand Dollars ($15,000), from her bank account in Birmingham, Alabama, to the defendant's account at SNS Bank.

f.  It was a further part of the scheme and artifice that the defendant thereafter retained possession of the Twenty-Five Thousand Dollars ($25,000) that had been provided to him by Beth Holloway, and confirmed by e-mail that the information he had provided concerning Natalee Holloway was "worthless."

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

The allegations set forth in Counts One and Two of this Indictment are realleged and incorporated herein by reference for the purpose of alleging criminal forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

## FORFEITURE

As a result of the foregoing offenses alleged in Counts One and Two of this Indictment, the defendant,

**JORAN ANDREAS PETRUS VAN DER SLOOT**,
also known as
**JORAN VAN DER SLOOT**,

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to said violations committed by the defendant, Joran Andreas Petrus van der Sloot.  Such forfeitable interests include, but are not limited to, the aggregate sum of Twenty-Five Thousand One Hundred Dollars ($25,100), together with all interest and proceeds derived therefrom.

If any of the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant, Joran Andreas Petrus van der Sloot:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred to, sold to, or deposited with a third person;

(c)  has been placed beyond the jurisdiction of the Court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code,

Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant, Joran Andreas Petrus van der Sloot, up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

/s/ electronic signature
FOREMAN OF THE GRAND JURY

JOYCE WHITE VANCE
United States Attorney

*/s/ Electronic Signature*

MICHAEL W. WHISONANT
Assistant United States Attorney

*/s/ Electronic Signature*

WILLIAM G. SIMPSON
Assistant United States Attorney

*/s/ Electronic Signature*

JAMES D. INGRAM
Assistant United States Attorney