FILED

2023 Oct-18  AM 11:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

OCT 18 2023

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 2:10-cr-00237-AMM-GMB** |
| | ) | |
| **JORAN ANDREAS PETRUS** | ) | |
| **VAN DER SLOOT, also known** | ) | |
| **as JORAN VAN DER SLOOT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## BINDING PLEA AGREEMENT

The United States and the Defendant, JORAN ANDREAS PETRUS VAN DER SLOOT also known as JORAN VAN DER SLOOT ("van der Sloot"), hereby acknowledge the following Plea Agreement in this case:

## PLEA

The Defendant agrees to (i) plead guilty to the Indictment filed in the above-referenced matter; (ii) consent to forfeiture as described in Section XIII below; (iii), pay restitution of $25,100; and (iv) waive certain rights to direct appeal and collateral attack as outlined in Section V of this Agreement. In exchange, the United States Attorney, acting on behalf of the United States and through the undersigned Assistant United States Attorneys, agrees to recommend the disposition specified below, subject to the conditions in Section VIII.

Defendant's Initials JAP

**TERMS OF THE AGREEMENT**

I.   **MAXIMUM PUNISHMENT**

The Defendant understands that the maximum statutory punishment that may be imposed for the crime of **EXTORTION** in violation of Title 18, United States Code, Section 1951(a), as charged in Count One, is:

A.   Imprisonment for not more than 20 years;

B.   A fine of not more than $250,000, or;

C.   Both A and B;

D.   Supervised release of not more than three years; and

E.   A special assessment of $100.

The Defendant understands that the maximum statutory punishment that may be imposed for the crime of **WIRE FRAUD** in violation of Title 18, United States Code, Section 1343, as charged in Count Two, is:

A.   Imprisonment for not more than 20 years;

B.   A fine of not more than $250,000, or;

C.   Both A and B;

D.   Supervised release of not more than three years; and

E.   A special assessment of $100.

Defendant's Initials  J A P

## II.     FACTUAL BASIS FOR PLEA

The United States is prepared to prove, at a minimum, the following facts at the trial of this case:

From at least 2005 through May 2010, Defendant van der Sloot was a citizen of the Netherlands residing in Aruba. During a May 2005 high school graduation trip to Aruba, Alabama native Natalee Holloway disappeared while in Defendant van der Sloot's company. Natalee Holloway's location and the circumstances surrounding her disappearance have been unknown to her family, friends, and law enforcement since May 30, 2005.

In March 2010, Defendant van der Sloot contacted John Q. Kelly ("Kelly"), an attorney for Natalee Holloway's mother, Elizabeth Ann Holloway ("Ms. Holloway"), via email seeking $250,000 in exchange for the location of Natalee Holloway's remains and information regarding her death. Kelly often served as the intermediary for Ms. Holloway during her efforts to find her daughter. Anxious to obtain information regarding her daughter, Ms. Holloway and Kelly discussed the transaction. During April and May 2010, Defendant van der Sloot and Kelly exchanged numerous emails regarding Defendant van der Sloot's request for $250,000, how the information regarding Natalee Holloway's remains would be provided, and details of Kelly's travel to Aruba to meet with Defendant van der Sloot to conduct the transaction. At one point, Kelly asked Defendant van der Sloot what

Defendant's Initials JᴧP

would happen if Ms. Holloway failed to provide the money that Defendant van der Sloot demanded? Defendant van der Sloot replied that Ms. Holloway "could wait another five years," causing Ms. Holloway actual fear that she might never know what became of her daughter.

To complete the transaction, Defendant van der Sloot provided his bank account information at SNS Bank, N.V., in the Netherlands to Kelly. To confirm the legitimacy of the account, Ms. Holloway sent a wire transfer of $100 to Defendant van der Sloot's account from her bank account at Regions Bank in Birmingham, Alabama. Ms. Holloway subsequently confirmed that the funds had been deposited into Defendant van der Sloot's account at SNS Bank.

Kelly and Defendant van der Sloot agreed that Kelly would travel to Aruba in May 2010 to provide an initial down payment of $25,000 to Defendant van der Sloot in furtherance of the demand. Ms. Holloway and Defendant van der Sloot executed a written agreement confirming that following the initial payment of $25,000, Defendant van der Sloot would reveal to Kelly the location of Natalee Holloway's remains and would share the details of her death. The agreement further provided that after the remains were secured and confirmed to be Natalee Holloway's, Ms. Holloway would provide the remaining $225,000 to Defendant van der Sloot via wire transfer to his bank account at SNS Bank.

Defendant's Initials JAP

On May 10, 2010, Kelly and Defendant van der Sloot met at the Aruba Marriott Resort & Stellaris Casino. Kelly provided $10,000 cash to Defendant van der Sloot and, following that payment, Ms. Holloway initiated a wire transfer of $15,000 to Defendant van der Sloot's bank account at SNS Bank. Defendant van der Sloot then reported to Kelly details surrounding Natalee Holloway's death, and accompanied Kelly to a specific location in Aruba where he reported that Natalee Holloway's remains were located. However, as Defendant van der Sloot knew, both the details of Natalee Holloway's death and the location of her remains that Defendant van der Sloot provided to Kelly were false. Despite this fact, Defendant van der Sloot retained the $25,100 provided by Ms. Holloway. On approximately May 13, 2010, Defendant van der Sloot left Aruba.

Following Kelly's meeting with Defendant van der Sloot, Ms. Holloway, with the assistance of Special Agents from the Federal Bureau of Investigation, worked to confirm that Natalee Holloway's remains were not located at the place identified by Defendant van der Sloot. Defendant van der Sloot had reported to Kelly that Natalee Holloway's body was placed under the foundation of a building near the Aruba Racquet Club that was under construction on May 29, 2005. Authorities reviewed satellite imagery and information from Building Inspectors in Aruba for the specific lots at the Aruba Racquet Club where Defendant van der Sloot reported Natalee Holloway had been buried. Authorities also interviewed the owners of the

Defendant's Initials JAP

lots at the Aruba Racquet Club regarding the timing of their lot purchases and construction of homes located on the lots. Based on this information, Ms. Holloway confirmed that there were no buildings under construction on the lots identified by Defendant van der Sloot during his meeting with Kelly. Further, Defendant van der Sloot confirmed in an email to Kelly following the transaction that the information he had provided was "worthless."

**THE DEFENDANT HEREBY STIPULATES THAT THE FACTS STATED ABOVE ARE SUBSTANTIALLY CORRECT AND THAT THE COURT CAN USE THESE FACTS IN CALCULATING THE DEFENDANT'S SENTENCE. THE DEFENDANT FURTHER ACKNOWLEDGES THAT THESE FACTS DO NOT CONSTITUTE ALL OF THE EVIDENCE OF EACH AND EVERY ACT THAT THE DEFENDANT AND/OR ANY CO-CONSPIRATORS MAY HAVE COMMITTED.**

JORAN VAN DER SLOOT

Defendant's Initials JAP

**III.**     **STIPULATED SENTENCE**

Pursuant to Rule 11(c)(1)(C) of the *Federal Rules of Criminal Procedure*, the

United States and the Defendant stipulate that the following terms are the appropriate

disposition in this case:

**A.**     That the Defendant receive a sentence of 240 months, with credit for time spent in custody in the United States since June 8, 2023, said sentence to run concurrently with the Defendant's currently imposed sentence(s) in Peru.

**B.**     That following the said term of imprisonment, the Defendant be placed on supervised release for a period of three years, subject to the Court's standard conditions of supervised release and any special conditions imposed by the Court at sentencing.

**C.**     That the Defendant be required to pay restitution of $25,100 to Elizabeth Ann Holloway.

**D.**     That the Defendant be required to comply with the forfeiture provisions set forth in Section XIII of this Agreement.

**E.**     That the Defendant pay a special assessment of $200, said amount due and owing as of the date sentence is pronounced.

The United States and the Defendant further understand and agree that this

Agreement does not affect the Court's discretion to set any lawful conditions of

supervised release not otherwise stipulated to in this Agreement. In the event the

Court rejects this Plea Agreement, either party may elect to declare the Agreement

null and void. Should the Defendant so elect, the Defendant will be afforded the

opportunity to withdraw his guilty plea, pursuant to the provisions of *Fed. R. Crim.*

*P.* 11(d)(2)(A).

Defendant's Initials JAP

## IV.   COOPERATION

### A.   THE DEFENDANT'S AGREEMENT TO COOPERATE

The Defendant agrees to the following provisions pertaining to cooperation and assistance:

#### *EXTORTION AND WIRE FRAUD COOPERATION*

    i.    The Defendant will honestly and completely assist law enforcement agencies concerning the investigation into the extortion and wire fraud scheme with victim Elizabeth Ann Holloway that occurred between March and June 2010 (hereinafter, the "Investigation").

    ii.    The Defendant will be fully debriefed by personnel of the United States Attorney's Office and representatives of the Federal Bureau of Investigation ("FBI"), as may be determined by the United States Attorney.

    iii.    The Defendant will provide all information and evidence within his knowledge or control concerning the Investigation. All such information will be full, complete, accurate, and truthful. The determination of the United States Attorney as to the completeness, accuracy, and truthfulness of the information and evidence provided concerning the Investigation shall be final and conclusive.

    iv.    The Defendant will provide all documents, physical evidence, and electronic evidence within his possession concerning the investigation.

#### *NATALEE HOLLOWAY COOPERATION*

    v.    The Defendant will honestly and completely assist law enforcement agencies concerning the circumstances of Natalee Holloway's disappearance on or about May 29, 2005.

    vi.    The Defendant will be fully debriefed by personnel of the United States Attorney's Office, representatives of the FBI, and others as may be determined by the United States Attorney.

Defendant's Initials JAP

    vii.    The Defendant will provide all information and evidence within his knowledge or control concerning Natalee Holloway's disappearance. All such information will be full, complete, accurate, and truthful.

    viii.    The Defendant understands and agrees that Elizabeth Ann Holloway and Dave Holloway, Natalee Holloway's parents, will be allowed to hear the Defendant's debrief with representatives of the United States Attorney's Office and FBI.

    ix.    If the United States determines that it is necessary, the Defendant will submit to a polygraph examination administered by an agent of the United States following his debrief.

    x.    The Defendant further understands and agrees that, following this debrief, the United States, in consultation with Elizabeth Ann Holloway, will make a determination regarding the completeness, accuracy, and truthfulness of the information and evidence provided by the Defendant regarding Natalee Holloway. Said determination shall be final and conclusive.

    xi.    The Defendant understands and agrees that, should the results of the polygraph examination be unsatisfactory to the United States, or should the United States, in consultation with Elizabeth Ann Holloway, determine that the information provided by the Defendant was not complete, accurate, and/or truthful, the Plea Agreement will be deemed NULL AND VOID, pursuant to Section VIII, herein.

**B.**     <u>**UNITED STATES'S AGREEMENT IN EXCHANGE FOR COOPERATION**</u>

In consideration of and entirely contingent upon the provisions of Part A of this Section and Section VIII below, the United States Attorney for the Northern District of Alabama agrees to the following:

    Defendant's Initials JAP

    i.    Pursuant to §1B1.8 of the *United States Sentencing Guidelines*, the United States Attorney will not use information or evidence provided by the Defendant during the Defendant's assistance in the Investigation against him.

    ii.    The United States will recommend the terms of the Binding Plea Agreement to the Court, specifically that the Defendant receive a sentence of 240 months in exchange for pleading guilty to the Indictment pending against him, said sentence to run concurrently with the previously imposed sentence(s) the Defendant is currently serving in Peru.

    iii.    The United States will acknowledge the Defendant's truthfulness during his debrief with representatives from the FBI and United States Attorney's Office to the Court at the time of sentencing, noting that the Defendant's truthfulness provided closure to the Holloway family.

## V.    <u>WAIVERS</u>

### A.    STATUTE OF LIMITATIONS WAIVER

In consideration of the recommended disposition of this case, I, JORAN VAN DER SLOOT, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of this Plea Agreement until and including the date of entry of any order setting this Plea Agreement aside.

### B.    RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, JORAN VAN DER SLOOT, hereby waive and give up my right to appeal my conviction

and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The Defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

i. Any sentence imposed in excess of the applicable statutory maximum sentence(s);

ii. Any sentence imposed in excess of the *United States Sentencing Guidelines* range determined by the Court at the time sentence is imposed; and

iii. Ineffective assistance of counsel.

The Defendant acknowledges that before giving up these rights, the Defendant discussed the *United States Sentencing Guidelines* and their application to the Defendant's case with the Defendant's attorney, who explained them to the Defendant's satisfaction. The Defendant further

Defendant's Initials JAP

acknowledges and understands that the United States retains its right to appeal where authorized by statute.

I, JORAN VAN DER SLOOT, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____

JORAN VAN DER SLOOT

VI.   **UNITED STATES SENTENCING GUIDELINES**

The Defendant's counsel has explained to the Defendant that, in light of the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the *United States Sentencing Guidelines* are **advisory** in nature. Sentencing is in the Court's discretion and is not required to be within the Guideline range. The Defendant agrees that, pursuant to this Agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory Guideline range, and the Defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

Defendant's Initials  J A P

## VII.     AGREEMENT BINDING ON COURT

Pursuant to Rule 11(c)(1)(c) of the *Federal Rules of Criminal Procedure*, the stipulated sentence set forth in Section III **BINDS THE COURT ONCE THE COURT ACCEPTS THE PLEA AGREEMENT**. The Defendant may withdraw the plea of guilty, pursuant to Rule 11(d)(2), *Fed. R. Crim. P.*, if the Court rejects the Plea Agreement under Rule 11(c)(5).

However, as to any other terms or conditions of the sentence (not including the specified the term of imprisonment), the United States and the Defendant fully and completely understand and agree that it is the Court's duty to impose the sentence upon the Defendant and that any sentence recommendation(s) by the Parties are **NOT BINDING ON THE COURT**. Further, the Defendant understands that if the Court does not accept the Parties' recommendations as to any terms or conditions other than the term of imprisonment, the Defendant does not have the right to withdraw the guilty plea.

## VIII.     VOIDING OF AGREEMENT

The Defendant understands that if the Defendant (a) violates any federal, state, or local law after entering into this Plea Agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges,

Defendant's Initials JAP

(d) violates any other term of this Plea Agreement, or (e) does or says anything that is inconsistent with the acceptance of responsibility, the Plea Agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations—express or implied—which are contained herein. Further, such election will not entitle the Defendant to withdraw a previously entered plea.

The Defendant and the United States Attorney further understand and agree that, if at any time the United States Attorney determines that the Defendant has provided any information or evidence regarding the Investigation that is not full, complete, accurate, and truthful, or that the Defendant has not provided assistance or testimony as requested, or if the provisions within Section IV(A)(xi) above occur, the obligations of the United States Attorney under the Plea Agreement are terminated. In that event, the United States may prosecute the Defendant and may use against the Defendant information and/or evidence obtained from the Defendant. The United States may also prosecute Defendant van der Sloot for false statements, perjury, or obstruction of justice.

## IX.    **OTHER JURISDICTIONS**

The Defendant understands and agrees that this Agreement **DOES NOT BIND** any other state or local authority.

Defendant's Initials JAP

## X.    COLLECTION OF FINANCIAL OBLIGATION

To facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to:

- fully disclose all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party;

- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;

- identify all assets over which the Defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the Defendant has or had during that time any financial interest;

- take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the Defendant;

- undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the Defendant's tax returns for the previous five years.

The Defendant further agrees that the above information, as well as any of the Defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the Defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the Defendant to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials JAP

**XI.    AGREEMENT   REGARDING   RELEVANT   CONDUCT   AND RESTITUTION**

As part of the Defendant's Plea Agreement, the Defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The Defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the Defendant's range of punishment under the advisory *United States Sentencing Guidelines*. The Defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This Agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this Agreement contains any provisions providing for the dismissal of any counts, the Defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

**XII.   TAX,   FORFEITURE   AND   OTHER   CIVIL/ADMINISTRATIVE PROCEEDINGS**

Unless otherwise specified herein, the Defendant understands and acknowledges that this Agreement does not apply to or in any way limit any pending or prospective proceedings related to the Defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant's Initials JAP

## XIII.    **FORFEITURE**

The Defendant agrees to consent to the immediate entry of a final order of forfeiture against the Defendant pursuant to Rule 32.2(b)(1) of the *Federal Rules of Criminal Procedure* in the amount of $25,100, which represents proceeds the Defendant personally obtained, controlled, and benefitted from as a result of the offenses alleged in the Indictment and to which the Defendant is indicating the Defendant's desire to plead guilty by way of this written Binding Plea Agreement. For purposes of entering said order of forfeiture, the Defendant acknowledges that a nexus exists between said amount and the criminal offenses to which the Defendant is pleading guilty.

The Defendant acknowledges that if, due to an act or omission of the Defendant, directly forfeitable property: (i) cannot be located upon the exercise of due diligence; (ii) has been transferred or sold to, or deposited with, a third party; (iii) has been placed beyond the jurisdiction of the Court; (iv) has been substantially diminished in value; or (v) has been commingled with other property which cannot be divided without difficulty, the United States is authorized under law to seek the forfeiture of any and all assets of the Defendant as substitute assets for the purpose of satisfying the final order of forfeiture until same is satisfied in full. As a result, the Defendant consents to the forfeiture of all of the Defendant's property up to the

Defendant's Initials J A P

value of $25,100, representing proceeds the Defendant personally obtained, controlled, and benefitted from as a result of the offenses alleged in the Indictment.

The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  The Defendant hereby waives the requirements of *Fed. R. Crim. P.* 32.2 regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant also waives the requirements of *Fed. R. Crim. P.* 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Binding Plea Agreement. The Defendant acknowledges that the Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the Defendant of this, pursuant to *Fed. R. Crim. P.* 11(b)(1)(J), at the time the Defendant's guilty plea is accepted.

The Defendant further waives all Constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including any Double Jeopardy challenges that the Defendant may have to the entry of a forfeiture order before sentencing, and any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from

the forfeiture imposed as a result of the Indictment or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

## Non-Abatement of Criminal Forfeiture

The Defendant agrees that the forfeiture provisions of this Binding Plea Agreement are intended to, and will, survive the Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this Agreement. The forfeitability of any particular property pursuant to this Agreement shall be determined as if the Defendant had survived, and that determination shall be binding upon the Defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this Agreement requires the Defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the Defendant's victims, the Defendant agrees that the forfeiture is primarily remedial in nature.

## Forfeiture and Restitution Language in Final Judgment

The United States and the Defendant understand and agree that the provisions of Title 18, United States Code, Section 3664(i) apply to the forfeiture judgment against the Defendant, and that all non-federal victims must be paid before the United States receives any restitution. The United States and the Defendant further understand and agree that the victim's recovery is limited to the amount of their loss

Defendant's Initials JAP

and the Defendant's liability for restitution ceases if and when the victim receives full restitution. Accordingly, the United States and the Defendant understand and agree that any monies collected by the United States through forfeiture shall be remitted to Elizabeth Ann Holloway, in satisfaction of the Defendant's restitution obligation.

XIV.     **IMMIGRATION STATUS**

The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under Federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. The Defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the Defendant will be removed or deported from the United States if the Defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the Defendant understands that no one, including his attorney or the District Court, can predict to a certainty the effect of his conviction on his immigration status. Understanding all of this, the Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

Defendant's Initials JAP

## XV.   DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this Binding Plea Agreement consisting of **23** pages. I have discussed the case and my Constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

Prescription medication

I understand that this Binding Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Binding Plea Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Binding Plea Agreement, both individually and as a total binding Agreement.

9/28/23
DATE

**JORAN VAN DER SLOOT**
Defendant

## XVI.     COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Binding Plea Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the Binding Plea Agreement on the terms and conditions set forth herein.

10/3/23
DATE

**KEVIN BUTLER**
Defendant's Counsel

9/28/23
DATE

**JAMES GIBSON**
Defendant's Counsel

Defendant's Initials JAP

XVII.      **UNITED STATES'S ACKNOWLEDGMENT**

I have reviewed this matter and this Binding Plea Agreement and concur that

the plea and disposition set forth herein are appropriate and are in the interests of

justice.

PRIM F. ESCALONA
United States Attorney

10/12/2023
DATE

**LLOYD C. PEEPLES, III**
Assistant United States Attorney

10/12/2023
DATE

**CATHERINE L. CROSBY**
Assistant United States Attorney

Defendant's Initials JAP